# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

GREGORY BERNARD LEE,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL ACTION NO. 2:16-cv-93

## O R D E R

Presently before the Court are Respondent's Motion to Dismiss, (doc. 3), and Petitioner Gregory Bernard Lee's ("Lee") Motion for Leave to Amend, (doc. 4). For the reasons and in the manner set forth below, the Court **GRANTS** Lee's Motion for Leave to Amend and **DISMISSES** Respondent's Motion to Dismiss **without prejudice**.

## BACKGROUND

Lee filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 contesting his conviction obtained in this Court on July 23, 2015. (Doc. 1.) Respondent filed a Motion to Dismiss on July 27, 2016, and on August 8, 2016, Lee filed a Motion to Amend his Motion to Vacate, Set Aside, or Correct his Sentence. (Docs. 3, 4.)

## I. Motion to Amend

Federal Rule of Civil Procedure 15, which governs amendment of pleadings, is applicable to 28 U.S.C. § 2255 petitions. Mayle v. Felix, 545 U.S. 644, 655 (2005). Thus, the Court will apply a traditional Rule 15 analysis to Lee's Motion to Amend. Under Federal Rule of Civil Procedure 15(a), a party may amend his complaint once as a matter of right within twenty-one

(21) days after a motion is served under Rule 12(b), (e), or (f). Once this time has passed, a party "may amend its pleading only with the opposing party's written consent or the court's leave," which the court "should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15(a) is to allow parties to have their claims heard on the merits, and accordingly, district courts should liberally grant leave to amend when 'the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief.'" In re Engle Cases, 767 F.3d 1082, 1108 (11th Cir. 2014) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

Here, Lee filed his leave to amend within the twenty-one day window for filing as a matter of right. Accordingly, Lee may amend his Motion to Vacate, Set Aside or Correct Sentence as a matter of course, and the Court, therefore, **GRANTS** Lee's Motion to Amend. The Court directs Lee to file his Amended Motion within **twenty-one (21) days** of the date of this Order.

## II. Motion to Dismiss

Respondent properly questioned the sufficiency of Lee's Motion through its Motion to Dismiss. (Doc. 3.) However, Lee's request to amend could directly impact the questions underlying the Motion to Dismiss, particularly because Lee's amended Motion will supersede the original Motion.[1] See Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("[A]n amended complaint supersedes the initial complaint and becomes the operative pleading in the case."); see also Calhoun v. Bergh, 769 F.3d 409, 410–411 (6th Cir. 2014) ("[A]fter [petitioner] filed his amended petition, only that petition remained pending before the district

---

[1] The Federal Rules of Civil Procedure are applicable to habeas corpus proceedings "to the extent that the practice in those proceedings . . . is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases." Fed. R. Civ. P. 81(a)(4). Furthermore, Rule 12 of the Rules Governing Section 2255 Proceedings provides that "[t]he Federal Rules of Civil Procedure . . . , to the extent that they are not inconsistent with any statutory provision or these rules, may be applied to a proceeding under these rules."

2

court."). Consequently, Lee's impending filing of an amended Motion to Vacate, Set Aside or Correct his Sentence moots Respondent's Motion to Dismiss. Perkins v. Kushla Water Dist., No. CIV.A. 13-00286-KD-B, 2013 WL 4511329, at *1 (S.D. Ala. Aug. 23, 2013) ("Because Plaintiff's amended complaint is now the operative pleading in this action; Defendants' motion [to dismiss] is moot.") (citing Pintando v. Miami-Dade Housing Agency, 501 F.3d 1241, 1243 (11th Cir. 2007); DeSisto College v. Line, 888 F.2d 755, 757 (11th Cir. 1983); Meterlogic, Inc. v. Copier Solutions, Inc., 185 F. Supp. 2d 1292, 1297 (S.D. Fla. 2002)).

Thus, the Court **DISMISSES** Respondent's Motion to Dismiss **without prejudice**. Respondent may reassert its Motion, if proper, after Lee files his Amended Motion to Vacate, Set Aside, or Correct Sentence.

**SO ORDERED**, this 6th day of January, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA