# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR 214-028-1 |
| | ) | |
| GREGORY BERNARD LEE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On February 24, 2015, Defendant Gregory Lee pled guilty to interference with commerce by robbery, in violation of 18 U.S.C. § 1951 (Count 1); use, carry, and brandish of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)ii (Count 2); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) (Count 3). Dkt. Nos. 45, 46, 51. On July 23, 2015, Defendant was sentenced to a total of 300 months' imprisonment with the Bureau of Prisons, followed by five years of supervised release. Dkt. No. 51 at 2, 3. Defendant appealed his conviction and sentence, dkt. no. 57, and the Court of Appeals affirmed, dkt. no. 66. Now before the Court is Defendant's motion for sentence reduction, in which he challenges his Armed Career Criminal status. Dkt. No. 93.

Defendant claims that 1) it was unconstitutional for the Court to enhance his sentence under the Armed Career Criminal Act ("ACCA") based on his prior drug offenses committed before age twenty-five and 2) his Hobb's Act robbery no longer qualifies as a crime of violence for ACCA purposes, pursuant to United States v. Davis, 588 U.S. 455 (2019). Dkt. No. 93. Defendant's arguments fail.    First, age alone does not exclude a conviction from qualifying as a serious drug offense for purposes of the ACCA. See United States v. Burge, 407 F.3d 1183, 1187 (11th Cir. 2005) ("A juvenile adjudication may be a 'prior conviction' under the ACCA.").    Second, "[e]ven after Davis, the Eleventh Circuit has held that Hobbs Act robbery under 18 U.S.C. § 1951 qualifies as a 'crime of violence' under the elements clause of [the ACCA, 18 U.S.C.] § 924(c)(3)(A)."    Smith v. United States, No. 2:17-cv-8045, 2020 WL 2132048, at *5 (N.D. Ala. May 5, 2020) (citing United States v. Joseph, 811 F. App'x 595 (11th Cir. 2020)).    Accordingly, Defendant's motion for sentence reduction, dkt. no. 93, is **DENIED**.

**SO ORDERED** this __16__ day of June, 2026.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA